Youssef H. Hammoud (SBN: 321934)
L. Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E : youssef@pricelawgroup.com
E : tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Omar Lopez Guardado*

# UNITED STATES DISTRICT COURT
## IN THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR LOPEZ GUARDADO,<br><br>Plaintiff,<br><br>v.<br><br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC,<br><br>Defendant. | Case No.: 3:21-cv-00187<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2. Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.;*<br>3. CAL. CIV. CODE § 1788 *et seq.*; and<br>4. Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Omar Lopez Guardado ("Plaintiff" or "Mr. Lopez Guardado"), by and through his attorneys, alleges the following against Portfolio Recovery Associates, LLC ("PRA" or "Defendant"):

## INTRODUCTION

1.      Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.      Count II and III of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 *et seq.*, which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3.      Count IV of Plaintiff's Complaint is based upon the Invasion of Privacy Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4.      Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. 1331.

COMPLAINT AND DEMAND FOR JURY TRIAL

5. Supplemental Jurisdiction of this court arises under 28 U.S.C. § 1367 because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the US Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## **PARTIES**

7. Plaintiff is a natural person residing in California.

8. Plaintiff is a consumer as defined under 15 U.S.C. § 1692a(3).

9. Plaintiff is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

10. Defendant is a "debt collector" as defined by  Cal. Civ. Code §1788.2(c) and 15 U.S.C. § 1692a(6).

11. Defendant is attempting to collect on a "consumer debt" as defined by Cal. Civ. Code §1788.2(f).

12. Defendant is a debt collector with its principal place of business headquartered in Norfolk, VA. Defendant can be served through its agent for service of process, Corporation Service Company, 100 Shockoe Slip, Fl. 2, Richmond, VA 23219.

COMPLAINT AND DEMAND FOR JURY TRIAL

13.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14.    Defendant is attempting to collect an alleged debt from Plaintiff.

15.    The debt is a "debt" as defined under 15 U.S.C. § 1692a(5) as it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

16.    In or around January 2020, in an attempt to collect on an alleged consumer account, Defendant began contacting Plaintiff on his cellular phone number and home phone number ending in 1230 and 3235, respectively.

17.    On or about January 14, 2020 at approximately 3:54 p.m., Plaintiff answered a call from Defendant on his home phone number. After picking up the call, Plaintiff noticed an unusually long delay and recalls hearing a series of beeps or tones before the representative began speaking, consistent with the use of an automatic dialing system.

18.    The representative indicated that Defendant was attempting to collect a debt.

19.   Plaintiff informed the representative that he was not in a position to make any kind of payments.

20.   Further, Plaintiff informed Defendant that he and his wife attempted to start their own business while he was also attending military pilot training.

21.   Plaintiff stated that they were not able to make any profits from the business and requested that he be contacted through the mail only.

22.   Despite explaining his situation and revoking consent to be contacted on his cell phone, Defendant continued its assault of harassing automated debt collection calls to Plaintiff's cellular phone and home phone.

23.   Again, on or about September 17, 2020, Plaintiff answered a call from Defendant on his cellular phone. After picking up the call, Plaintiff noticed an unusually long delay and recalls hearing a series of beeps or tones before the representative began speaking, consistent with the use of an automatic dialing system.

24.   The representative indicated that Defendant was attempting to collect a debt.

25.   Plaintiff informed the representative that he already spoke to Defendant and stated that he did not have any money to pay.

26.   Plaintiff requested that Defendant only communicate with him in writing.

27.     Between January 14, 2020 and January 06, 2020, Defendant called Plaintiff on his cellular phone approximately one hundred and twenty (120) times.

28.     Between January 14, 2020 and January 06, 2020, Defendant called Plaintiff on his home phone approximately two hundred (200) times.

29.     On an almost daily basis, Defendant would call both Plaintiff's cell phone and home phone number within short periods of time between each call.

30.     On several occasions, Defendant called Plaintiff multiple times within the same minute.

31.     Upon information and belief, Defendant also called and texted, or attempted to call and text friends and family of Plaintiff, with the intention that they would communicate to Plaintiff that Defendant was attempting to collect a debt from him, causing Plaintiff additional embarrassment and distress.

32.     Upon information and belief, Defendant called Plaintiff and delivered prerecorded or artificial voice messages.

33.     Upon information and belief, Defendant's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

34.     Upon information and belief, the phone system used by Defendant places more calls than there are collection representatives available, resulting in more calls made to Plaintiff.

35.     Upon information and belief, use of the automated telephone dialing system by Defendant allowed Defendant to call Plaintiff more times than it otherwise would have been able to had it dialed manually, increasing the harassing nature of the calls.

36.     Upon information and belief, Defendant's phone system is capable of placing tens of thousands of automated phone calls a day.

37.     Upon information and belief, Defendant's representatives did not review Plaintiff's account notes and/or file prior to initiating the collection calls to his cell phone and home phone.

38.     Upon information and belief, Defendant's phone system is programmed to automatically place a call to Plaintiff's cell phone or home phone, and if there is no answer on the first number, it places a call to the other number on file.

39.     The phone system utilized by Defendant, in conjunction with Defendant's policies and procedures regarding collection on accounts were aimed at causing Plaintiff such distress and annoyance that he would make a payment, despite knowing he was not able to.

40.     Defendant's conduct was done willfully and knowingly.

41.     Defendant was aware that Plaintiff had revoked consent to be called, and despite this, Defendant continued to place automated debt collection calls to Plaintiff's cell phone and home phone.

42.     Defendant was aware that Plaintiff was unable to make a payment because of a failed business attempt, was attending military pilot training, and despite this, continued to place automated debt collection calls to Plaintiff's cell phone and home phone.

43.     Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

44.     Defendant would place a call to Plaintiff's cell phone and home phone within short periods of time of one another in an attempt to harass Plaintiff to answer the phone and make a payment.

45.     Defendant caused Plaintiff's cell phone and home phone to ring repeatedly or continuously with the intention to annoy, abuse, or harass him.

46.     The conduct was not only willful but done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

47.     Further, the conduct was done with such frequency so as to harass Plaintiff and cause him great annoyance.

48.     Plaintiff attempted to explain his situation and request that Defendant contact him in writing only in an attempt to get the calls to stop, however, Defendant continued to lay siege on Plaintiff's cell phone and home phone.

49.     Defendant's intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person and far exceeded reasonable collection efforts. Defendant's conduct was especially unreasonable because it called relentlessly shortly after Plaintiff had explained he was not able to make a payment, was dealing with personal issues and wanted to be contacted in writing.

50.     Defendant acted maliciously and subjected Plaintiff to oppression.

51.     Due to Defendant's actions, Plaintiff has suffered from immense emotional and mental pain and anguish, including but not limited to, stress, anxiety, headaches, sleepless nights, embarrassment and humiliation.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

52.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

a. Within four years prior to the filing of this action, on multiple occasions,  Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii)

which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b.  Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

54.    As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

///

///

## COUNT II
### Violations of the FDCPA, 15 U.S.C. §1692 *et seq*.

55. Plaintiff incorporates by reference the foregoing paragraphs as fully stated herein.

56. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

    a. Engaging in any conduct the natural consequence of is to harass, oppress, or abuse any person in connection with the collection of a debt. §1692d.

    b. Causing a phone to ring or engaging a person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass. §1692d(5).

    c. Using unfair or unconscionable means to collect or attempt to collect any debt. §1692f.

57. The FDCPA provides a consumer with a private right of action against a debt collector for both actual and statutory damages and allows the consumer to recover his reasonable attorneys' fees and costs. §1692k(a).

## COUNT III
### (Violations of CAL. CIV. CODE § 1788 *et seq*.)

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59.     Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

a.  Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

b.  Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    i.  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

    ii.  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

    iii.  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt;

60.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

61.    Defendant was aware of Plaintiff's financial issues, that he could not make a payment, and that he requested to be contacted in writing only on multiple occasions. Despite this, Defendant continued to call Plaintiff on both his cell phone and home phone in an attempt to harass him to pay the debt.

62.    As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT IV
### (Intrusion Upon Seclusion)

63.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64.    Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

65.    Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

a.  Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Plaintiff's request for the calls to cease.

b.  The number and frequency of the telephone calls to Plaintiff by Defendant after Plaintiff's request for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

c.  Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's work.

d.  Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

66.   As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Omar Lopez Guardado, respectfully requests judgment be entered against Defendant Portfolio Recovery Associates, LLC, for the following:

A.   Statutory damages pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C);

B.    Declaratory judgment that Defendant violated the FDCPA and RFDCPA;

C.    Statutory damages pursuant to 15 U.S.C. §1692k(a)(1), (2)(A) and Cal. Civ. Code §1788.30(b);

D.    Actual damages pursuant to 15 U.S.C. §1692k(a)(1), (2)(A) and Cal. Civ. Code §1788.30;

E.    Costs and reasonable attorneys' fees pursuant to15 U.S.C. §1692k(a)(3) and Cal. Civ. Code §1788.30(c);

F.    Punitive damages to be determined at trial, for the sake of example and punishing Defendant for its malicious conduct, pursuant to Cal. Civ. Code § 3294;

G.    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H.    Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

///

///

///

Respectfully submitted this 8th day of January 2021.

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Omar Lopez Guardado*